UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| LAWRENCE HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 12-1977 (ABJ) |
| | ) | |
| RUDOLPH CONTRERAS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

*Pro se* plaintiff Lawrence Harris filed a civil complaint against the Hon. Rudolph Contreras of the United States District Court for the District of Columbia in Superior Court for the District of Columbia on October 26, 2012, alleging "fraud," apparently in connection with the dismissal of a prior civil action plaintiff pursued in U.S. District Court. Compl., Ex. 1 to Notice of Removal [Dkt. # 1]; Notice of Removal ¶ 2, citing *Harris v. U.S. Supreme Court*, No. 12-1577-RC (dismissed Oct. 23, 2012), Def.'s Mot. to Dismiss [Dkt. # 7] at 1–2.[1] Plaintiff seeks $500,000,000 in damages. *Id.* The United States Attorney General removed this case to United States District Court on December 10, 2012, pursuant to 28 U.S.C. §§ 1441, 1442(a)(1) & (3), 1446, and 2679(d)(2), and filed a motion to dismiss on December 21, 2012 [Dkt. # 7]. On January 2, 2013, the Court notified Harris that under *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir.

---

1   Both the notice of removal and the motion to dismiss express Contreras's position that Harris's allegation of fraud in this case is connected to Judge Contreras's decision in *Harris v. United States Supreme Court*. Since Harris does not contest this position in his opposition to the motion to dismiss, the Court will treat it as conceded. *See FDIC v. Bender*, 127 F.3d 58, 67–68 (D.C. Cir. 1997) (when a party does not address arguments advanced by her opponent, the court may treat those arguments as conceded).

1988), failure to timely oppose the motion to dismiss could result in dismissal of the case. [Dkt. # 8].  On the same day, Harris filed a response to the motion to dismiss. [Dkt. # 9].

While plaintiff may be understandably frustrated by the result in his original case, bringing another suit against the judge himself is not the proper way to challenge a court ruling. "Judges are absolutely immune from lawsuits predicated on their official acts in matters over which they have jurisdiction." *Jennins v. Walton*, Civ. Action No. 12-410, 2012 WL 1156439, at *1 (D.D.C. Apr. 6, 2012), citing *Forrester v. White*, 484 U.S. 219, 2225 (1988); *Stump v. Sparkman*, 435 U.S. 349, 355–57 (1978); *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993).  Since Harris's suit is predicated on Judge Contreras's official actions in a separate civil case, and Harris makes no showing that Judge Contreras lacked jurisdiction over that matter, Judge Contreras enjoys immunity from suit here.  Accordingly, the instant action will be dismissed.  Accordingly, plaintiff's motion to dismiss [Dkt. # 4] will be dismissed as moot.

A separate order will issue.

/s/ Amy B Jackson

AMY BERMAN JACKSON
United States District Judge

DATE:  January 7, 2013